# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

### IN RE ALESSA E. N., CASSONDRA N. A. N. and MOSES C. N.

**Appeal from the Circuit Court for Greene County**
**No. 11A059JKW      John K. Wilson, Judge**

---

**No. E2012-00196-COA-R3-PT-FILED-MAY 3, 2012**

---

A show cause order was entered in this case on March 23, 2012, directing the appellants to show cause why this appeal should not be dismissed for lack of jurisdiction. The appellants have responded to the show cause order, but the argument presented in the response does not appear to present good cause for maintaining this case in this court. The review of the record reveals that the order to which the notice of appeal is directed is not "a final judgment adjudicating all the claims, rights, and liabilities of all parties" from which an appeal as of right would lie. *See* Tenn. R. App. P. 3(a). Accordingly, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J.; HERSCHEL P. FRANKS, P.J., CHARLES D. SUSANO, JR., J.

Duncan Cates Cave, Greeneville, Tennessee, for appellants, Ronald Holder and Carolyn Holder.

Russ Veldman, Chuckey, Tennessee, for the appellee, Moses N.

# MEMORANDUM OPINION[1]

On October 26, 2011, the trial court, by default, entered a final order terminating the parental rights of the biological father, appellee Moses N. ("Father") and the biological mother, Cassandra B. ("Mother"). In the same order, the appellants, Ronald Holder (maternal step-grandfather) and his wife, Carolyn Holder (maternal grandmother) (collectively "Grandparents"), adopted the subject children. On November 3, 2011, Father filed a motion to set aside the default final order. Mother, however, failed to make an appearance and did not contest the default final order, making the order final as to the termination of her parental rights.

On December 1, 2011, after a hearing on Father's motion, the trial court set aside the default judgment. Thereafter, a proposed order that incorrectly set aside the default judgment as to Mother as well as Father was erroneously entered by the trial court. Eventually, the trial court entered an amended agreed order on January 12, 2012, that accurately reflected the ruling on December 1, 2011, only setting aside the default judgment in relation to Father and not Mother. Grandparents subsequently appealed the setting aside of the default judgment in relation to Father.

The agreed amended order entered on January 12, 2012, to which the Notice of Appeal is directed, set aside the default judgment entered against Father in this termination of parental rights case and reserved for further hearings all other matters. As such, the order is not "a final judgment adjudicating all the claims, rights, and liabilities of all parties" from which an appeal as of right would lie. *See* Tenn. R. App. P. 3(a). A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Tenn. R. App. P. 3(a) provides, in relevant part, that "any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable . . . ." "Such an order is interlocutory or interim in nature and generally cannot be appealed as of right." *In re Estate of Henderson*, 121 S.W.3d at 645. This court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

---

[1]Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

As this appeal was taken from an order that was not a final judgment, we lack subject matter jurisdiction.  Accordingly, we must dismiss the appeal.

## CONCLUSION

The appeal of this matter is dismissed and this case is remanded to the trial court. Costs on appeal are taxed to the appellants, Ronald Holder and Carolyn Holder.


PER CURIAM